## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| **ALEX RIVERA,** | |
| Plaintiff, | CASE NO. _____ |
| v. | |
| **WASTE PRO OF FLORIDA, INC.,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

## ORIGINAL COMPLAINT

Plaintiff, Alex Rivera ("Plaintiff"), by and through undersigned counsel, sues Defendant Waste Pro of Florida, Inc., ("Defendant" or "Waste Pro"), to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

## INTRODUCTION

1. Plaintiff files this individual lawsuit to continue litigating claims against Waste Pro after the previous collective action Plaintiff opted in to was decertified. *See Anthony Wright, individually and on behalf of others similarly situated, v. Waste Pro USA, Inc., and Waste Pro Florida, Inc.*, Case No. 0:19-cv-62051-KMM, D.E. 291 (S.D. Fla. Jan. 11, 2022). Per the decertification order from the Southern District of Florida, Plaintiff was granted twenty-one days of tolling of Plaintiff's statute of limitations period.

1

2. The FLSA is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its purposes, the FLSA requires three things. First, the FLSA requires payment of minimum wages. 29 U.S.C. § 206(a). Second, the FLSA requires overtime pay for covered employers whose employees work in excess of 40 hours per workweek. 29 U.S.C. 207(a). And third, the FLSA establishes minimum recordkeeping requirements for covered employers. 29 U.S.C. § 211(a); 29 U.S.C § 516.2(a)(7).

3. Plaintiff is a Waste Disposal Driver for the Defendant who was paid on a purported day rate for work performed. Due to Defendant's company-wide policies and procedures, Plaintiff was deprived of complete overtime wages for all overtime hours actually worked. Defendant paid annual non-discretionary bonuses, but failed to include these bonuses in the calculation of the regular rate for overtime purposes. Therefore, Defendant violated the FLSA in its calculation of the prevailing regular rate and as a result failed to pay Plaintiff his proper rate of overtime for all hours worked over forty (40) in a given workweek.

4. Anthony Wright, along with two other drivers from South Carolina and North Carolina, originally filed a Class / Collective Action Complaint in the District of South Carolina to vindicate their FLSA rights against Defendants and two other Waste Pro entities on October 2, 2017, which was later amended on October 31, 2017 and December 5, 2017. *See Anthony Wright, Daniel Hansen, and Kenneth Privette v. Waste Pro USA, Inc., Waste Pro of Florida, Inc., Waste*

*Pro of South Carolina, Inc., and Waste Pro of North Carolina, Inc.*, Case No. 2:17-cv-2654-DCN, D.E. 1, 5 and 30-2 (D.S.C.) (the "South Carolina Action").

5. Numerous other drivers from Florida also filed consents to join the South Carolina Action over the last two years.

6. On July 25, 2019, after significant motion practice between the parties in the South Carolina Action, the District of South Carolina dismissed Waste Pro USA, Inc., and Waste Pro of Florida, Inc., as well as the driver plaintiffs who worked for those entities in Florida, for lack of personal jurisdiction. Wright and those opt-in plaintiffs who originally joined the South Carolina Action against Defendants filed a subsequent, continuing action to pursue their FLSA rights against Waste Pro USA, Inc., and Waste Pro of Florida, Inc., in the Southern District of Florida on August 15, 2019, which was amended on October 2, 2019. *See Anthony Wright v. Waste Pro USA, Inc., and Waste Pro of Florida, Inc.*, Case No. 0:19-cv-62051-KMM, D.E. 1, 37 (S.D. Fla.) (the "Wright Action").

7. On December 22, 2020, the court granted conditional certification and permitted notice to potential class members in the Wright Action. [Wright Action, D.E. 148].

8. Plaintiff filed a consent to join the Wright Action on February 25, 2021. [Wright Action, D.E. 170–1, at pg. 26].

9. On January 11, 2022, the court in the Wright Action decertified the collective, dismissing the claims of the Opt-In Plaintiffs without prejudice and

3

tolling the statute of limitations for twenty-one days in order for Opt-in Plaintiffs to refile their claims. [Wright Action, D.E. 291].

10. The FLSA claim of Plaintiff who originally joined the Wright Action against Defendant has been tolled as a result of joining the Wright Action.[1]

## THE PARTIES

11. Plaintiff is an individual who worked at Waste Pro's facility in Clearwater, Florida within the relevant three-year period.

12. Defendant Waste Pro of Florida, Inc. ("Waste Pro") is a Florida Corporation that operates and conducts business within this District. Defendant Waste Pro Florida is a covered employer under the FLSA and acted as such in relation to Plaintiff.

## SUBJECT MATTER JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over the FLSA claim pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201, *et. seq.*

14. This Court has general and specific personal jurisdiction over Waste Pro because the cause of action arose within this District as a result of Waste Pro's conduct within this District and because Waste Pro is headquartered in Florida and organized under Florida law.

15. Venue is proper in this District because Plaintiff performed work for Defendant within this District.

---

[1] Plaintiff intends to seek equitable and/or statutory tolling of these claims if necessary.

16. Specifically, Waste Pro has maintained a working presence throughout Pinellas County, Florida.

17. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## FLSA COVERAGE

18. At all material times, Defendant has been an employer within the meaning of section 203(d) of the FLSA, which is defined to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).

19. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of section 203(s)(l) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

20. At all material times, Plaintiff is (or was) an employee who engaged in commerce or in the production of goods for commerce as required by sections 206 and 207 of the FLSA. 29 U.S.C. §§ 206–07.

21. At all material times, Defendant had, and continues to have, an annual gross business volume in excess of the statutory standard of $500,000.00.

22. During Plaintiff's employment, Defendant employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce, such as the waste disposal trucks and other items used to run the business.

23. Therefore, at all material times relevant to this action, Defendant

Waste Pro of Florida, Inc., was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §§ 203(r) and 203(s).

## WAGE VIOLATIONS

24. Waste Pro improperly calculated Plaintiff's regular rate resulting in a miscalculation of Plaintiff's overtime pay. Specifically, Plaintiff should have received overtime compensation at a rate not less than one and one-half times the *true* regular rate, calculated to include all non-discretionary bonuses.

25. Waste Pro violated the FLSA by paying non-discretionary annual bonuses but failed to include such payments in the regular rate, thereby resulting in a miscalculation of Plaintiff's regular rate and resulting overtime compensation in each year that such a bonus was paid.

26. At all times relevant to this action, Defendant failed to comply with the FLSA because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all overtime hours worked at the correct prevailing rate.

## STATEMENT OF FACTS

**A.   Plaintiff Was a Waste Disposal Driver for Waste Pro**

27. Waste Pro provides waste disposal and recycling services to residential and commercial clients throughout the state of Florida.

28. Plaintiff drove an assigned route to collect and dispose of residential waste and recyclable materials for Defendant's customers.

29. Plaintiff was classified as a non-exempt employee under the FLSA.

30. Plaintiff was employed as a non-exempt Waste Disposal Driver at Waste Pro's facility in Clearwater, Florida.

31. On information and belief Plaintiff was compensated on a day rate.

32. Plaintiff did not receive the proper amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek. *See supra.*

33. None of the FLSA exemptions relieving a covered employer of the statutory duty to pay employees overtime at one and one-half times the regular rate of pay apply to Defendant or Plaintiff.

34. During Plaintiff's employment with Waste Pro, Plaintiff did not cross state lines in performing the job duties assigned by Waste Pro.

**B.    Defendant did not pay Plaintiff overtime in accordance with the FLSA.**

35. Plaintiff was required to work overtime hours when requested by Defendant, and was subject to potential disciplinary action for refusing to work overtime.

36. Plaintiff regularly worked over forty (40) hours in a workweek as a Waste Disposal Driver.

37. Defendant paid Plaintiff a purported day rate, plus other forms of compensation for services.

38. Additionally, Defendant compensated Plaintiff with a non-discretionary annual bonus.

39. However, these bonuses were not added into Plaintiff's regular rate of pay for overtime calculation purposes.

40. Defendant was advised by the United States Department of Labor ("DOL") that it must include the annual bonuses into its Waste Disposal Drivers' regular rate of pay for overtime calculation purposes.

41. Plaintiff regularly worked over forty (40) hours in a workweek as a Waste Disposal Driver.

42. The FLSA requires non-exempt employees, like Plaintiff, to be compensated for overtime work at the mandated overtime pay rate.

43. Plaintiff was entitled to receive time and one-half compensation for all hours worked over forty (40) hours in a workweek.

44. The payment scheme used by the Defendant to pay Plaintiff did not comply with the FLSA.

45. Defendant violated the FLSA by failing to pay Plaintiff time and one-half for each hour worked in excess of forty (40) hours per workweek.

**COUNT I – RECOVERY OF OVERTIME COMPENSATION (29 U.S.C. § 207)**

46. Plaintiff incorporates by reference the above paragraphs as though fully and completely set forth herein.

47. Defendant's practice of failing to pay Plaintiff time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

48. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendant or Plaintiff.

49. Defendant failed to keep adequate records of the Plaintiff's work hours and pay in violation of section 211(c) of the FLSA.  29 U.S.C. § 211(c).

50. Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

   a. The time of day and day of week on which the employees' work week begins;

   b. The regular hourly rate or pay for any workweek in which overtime compensation is due under Section 7(a) of the FLSA;

   c. An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

   d. The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

   e. The hours worked each workday and total hours worked each workweek;

   f. The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive or premium overtime compensation;

   g. The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;

   h. The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

   i. The dates, amounts, and nature of the items which make up the total

9

        additions and deductions;

    j.      The total wages paid each pay period; and

    k.      The date of payment and the pay period covered by payment.

29 C.F.R. §§ 516.2, 516.5.

    51.      Defendant has not complied with federal law and has failed to maintain such records with respect to Plaintiff. Because Defendant's records are inaccurate and/or inadequate, Plaintiff can meet this burden under the FLSA by proving that he, in fact, performed work for which he was improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g., Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).

    52.      Defendant's failure to properly compensate Plaintiff at a rate of at least one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, results from Defendant's purported day rate payment policy or practice.

    53.      Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation correctly with respect to Plaintiff.

    54.      Specifically, Defendant knew its practices were illegal because the DOL had told them so.

    55.      Defendant did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C.

§ 201, et seq., (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

56. Accordingly, Plaintiff brings this cause of action under section 216(b) of the FLSA, which allows the recovery of all unpaid overtime compensation to which Plaintiff is entitled, but has not been paid, for the 3-year period preceding the filing of Plaintiff's first consent to join as described above through the final disposition of this matter. 29 U.S.C. § 216(b).

57. Plaintiff contends that Defendant's conduct in violating the FLSA is willful. Accordingly, Plaintiff seeks recovery of all unpaid overtime compensation to which he is entitled, but has not been paid, for the three years preceding the filing of Plaintiff's first consent to join as described above through the final disposition of this matter. 29 U.S.C. § 216(b).

58. Due to the willful nature of Defendant's conduct, Plaintiff seeks to recover, as liquidated damages, an amount equal to unpaid overtime wages for the 3-year period preceding the filing of Plaintiff's first consent to join as described above through the final disposition of this matter—that is, the same period for which unpaid overtime damages are sought. 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests that this Court enter judgment against the Defendant as follows:

    a. For an Order equitably tolling the claims of Plaintiff who previously filed a consent to join form in the Wright Action.

b.  For a declaratory judgment that Defendant has willfully and in bad faith violated the overtime wage provisions of the FLSA, and has deprived Plaintiff of Plaintiff's right to such compensation;

c.  For an Order requiring Defendant to provide a complete and accurate accounting of all overtime wages to which Plaintiff is entitled;

d.  For an Order awarding Plaintiff back wages that have been improperly withheld;

e.  For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

f.  For an Order awarding Plaintiff the costs of this action;

g.  For an Order awarding Plaintiff attorneys' fees;

h.  For an Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law;

i.  For an Order granting such other and further relief as may be necessary and appropriate.

Dated this 11th day of February, 2022.

Respectfully submitted by:

**MORGAN & MORGAN, P.A**.

*__C. Ryan Morgan, Esq.__*

FBN 0015527
N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 867-4791
Email: rmorgan@forthepeople.com

**Paul M. Botros, Esq**.
FBN 0063365
8151 Peters Road
Suite 4000
Plantation, FL 33324
Telephone: (954) 327-5352
Facsimile: (954) 327-3017
Email: pbotros@forthepeople.com

***Attorneys for Plaintiff***

13