UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEX RIVERA,

        Plaintiff,                         CASE NO.: 8:22-cv-00363-KKM-AAS

v.

WASTE PRO OF FLORIDA, INC.,

        Defendant.
_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OPPOSED MOTION FOR ENTITLEMENT TO ATTORNEYS' FEES AND COSTS & INCORPORATED MEMORANDUM OF LAW**

Defendant, WASTE PRO OF FLORIDA, INC. (hereinafter "Waste Pro Florida"), by and through its undersigned counsel and pursuant to Local Rule 3.01(b), responds to Plaintiff's Opposed Motion for Entitlement to Attorneys' Fees and Costs & Incorporated Memorandum of Law (Doc. 22) (the "Fee Entitlement Motion"), filed by Plaintiff, ALEX RIVERA, as follows:

**I.    INTRODUCTION.**

Through the Fee Entitlement Motion, Plaintiff's counsel seeks to make fee lemonade out of litigation lemon seeds. Plaintiff argues for entitlement to attorneys' fees and costs of between $12,500.00 and $13,500.00, after recovering a mere $66.00 following what he claims is a valiant multi-year litigation effort. [*Id.*, at 7 ("After years of litigation against [Waste Pro] and filing the instant lawsuit did [Waste Pro] finally make an offer to resolve this matter").] In reality, the Offer of Judgment was served

soon after Waste Pro filed its responsive pleading in this action. [Doc. 18-1.] This fact contradicts Plaintiff's assertion that "this is not a case here Defendant simply "'rolled over' and tendered payment either prior to or upon filing of the lawsuit." [Doc. 22, p. 1.]

This case could have easily been resolved with a phone call from Plaintiff's counsel either before or after the case was filed. The circumstance of Plaintiff being a member of a decertified collective does not alter the responsibility of his counsel to try to resolve this matter involving a such minimal amount without "making a federal case out of it."  As will be detailed below, the special circumstances of this case warrant a finding that Plaintiff is not entitled to recover the fees and costs his counsel seeks through the Fee Entitlement Motion.

## II.      PERTINENT PROCEDURAL BACKGROUND.

Plaintiff briefly touches upon the procedural history that he claims led to his Fee Entitlement Motion. [*Id*. at p. 2.]  In order to adequately inform this Court as to its opposition, Waste Pro will supplement Plaintiff's recitation with other pertinent information.

Plaintiff filed his Original Complaint on February 11, 2022 (Doc. 1), following the decertification of the collective in *Wright, et al., v. Waste Pro USA, Inc., et al.*, Case No. 0:19-cv-62051 (the "Florida *Wright* Action") (S.D. Fla. Jan. 11, 2022) (Doc. 291). The Florida *Wright* Action was originally filed after Wright's first attempt to litigate his claims through a collective action in South Carolina (the "South Carolina *Wright* Action") failed for lack of personal jurisdiction.  *See*, *Wright, et al., v. Waste Pro USA,*

*Inc., et al.*, Case No. 2:17-cv-02654-DCN (D.S.C. July 25, 2019) (Doc. 170). Although Plaintiff references the South Carolina *Wright* Action in both his Original Complaint (Doc. 1, ¶¶ 4-6) and his Fee Entitlement Motion (Doc. 22, p. 2), he never joined that action. *See*, *Wright,* Case No. 2:17-cv-02654-DCN (Doc. Nos. 35, 53, 60, 63-64, 69, 74, 84, 89, 92-93, 98, 100, 103, 105, 108, 112, 114-116, 118, 121, 123, 132, 135, 140, 144-145, 147-149, 154, 157, 159-160, 162-163, 168-169).

The Florida *Wright* Action included more than 650 opt-in plaintiffs, including Plaintiff who consented to join on February 25, 2021. *Wright*, No. 0:19-cv-62051 (S.D. Fla. Feb. 25, 2021) (Doc. 170-1, p. 26). No written discovery was served upon Plaintiff, nor was he deposed. *Id.*, at Doc. Nos.: 123 (allowing written discovery of 104 individuals who had joined the case – not Plaintiff, who consented later), 208-1, 209-1, 210-1, 211-1, 212-1, 213-1, 214-1, 215-1, 216-1, 217-1, 218-1, 220-1, 221-1, 223-1, 227-1, 227-2, 227-3, 228-1, 228-2, 228-3, 228-4, 229-1. He did not file a Declaration or Affidavit supporting any of the issues in the case. Doc. 124-8, pp. 2-44.

Simultaneously, another collective action was filed by counsel for Plaintiff in this District involving hundreds more drivers outside the state of Florida (the "*Blandon* Action"), which was also decertified. *Blandon v. Waste Pro USA, Inc.*, Case No. 6:19-cv-02420-WWB-GJK (M.D. Fla. Dec. 21, 2021) (Doc. 197). Following both decertification rulings, Plaintiff and approximately 120 of the dismissed individuals filed separate actions in federal courts across the state.[1] Summary judgment was

---

[1]   *Aime v. Waste Pro*, 2:22-cv-14053-KMM (S.D. Fla. Feb. 4, 2022); *Aleshire v. Waste Pro,* 1:22-cv-00017-MW-GRJ (N.D. Fla. Feb. 1, 2022); *Allen v. Waste Pro,* 3:22-cv-00112-BJD-JBT (M.D. Fla. Feb.

1, 2022); *Allen v. Waste Pro,* 6:22-cv-00258-WWB-DCI (M.D. Fla. Feb. 7, 2022); *Allen v. Waste Pro,* 6:22-cv-00337-RBD-DCI (M.D. Fla. Feb. 11, 2022); *Barr v. Waste Pro,* 5:22-cv-00081-JSM-PRL (M.D. Fla. Feb. 10, 2022); *Beatty v. Waste Pro,* 4:22-cv-00059-AW-MAF (N.D. Fla. Feb. 7, 2022); *Bell v. Waste Pro,* 5:22-cv-00038-TKW-MJF (N.D. Fla. Feb. 11, 2022); *Benjamin v. Waste Pro,* 6:22-cv-00282-RBD-DCI (M.D. Fla. Feb. 8, 2022); *Blake v. Waste Pro*, 6:22-cv-00281-CEM-DCI (M.D. Fla. Feb. 8, 2022); *Boyd v. Waste Pro*, 6:22-cv-00209-WWB-DCI (M.D. Fla. Feb. 1, 2022); *Briggs v. Waste Pro*, 6:22-cv-00274-WWB-DCI (M.D. Fla. Feb. 8, 2022); *Brown v. Waste Pro*, 5:22-cv-00062-GAP-PRL (M.D. Fla. Feb. 1, 2022); *Burnett v. Waste Pro*, 3:22-cv-00132-BJD-JBT (M.D. Fla. Feb. 7, 2022); *Campbell v. Waste Pro*, 5:22-cv-00032-TKW-MJF (N.D. Fla. Feb. 3, 2022); *Chamberlin v. Waste Pro*, 3:22-cv-00129-TJC-JBT (M.D. Fla. Feb. 7, 2022); *Coates v. Waste Pro*, 6:22-cv-00218-GAP-DCI (M.D. Fla. Feb. 2, 2022); *Cure v. Waste Pro*, 6:22-cv-00257-WWB-DCI (M.D. Fla. Feb. 7, 2022); *Curry v. Waste Pro*, 8:22-cv-00325-VMC-CPT (M.D. Fla. Feb. 8, 2022); *Davenport v. Waste Pro*, 3:22-cv-00140-HES-JBT (M.D. Fla. Feb. 9, 2022); *Davis v. Waste Pro*, 6:22-cv-00284-GAP-DCI (M.D. Fla. Feb. 8, 2022); *Davis v. Waste Pro*, 6:22-cv-00223-WWB-DCI (M.D. Fla. Feb. 2, 2022); *Dean v. Waste Pro*, 2:22-cv-14044-AMC (S.D. Fla. Feb. 1, 2022); *Dean v. Waste Pro*, 2:22-cv-14069-AMC (S.D. Fla. Feb. 17, 2022); *Dixon v. Waste Pro*, 8:22-cv-00327-VMC-SPF (M.D. Fla. Feb. 8, 2022); *Dondero v. Waste Pro*, 6:22-cv-00210-RBD-DCI (M.D. Fla. Feb. 1, 2022); *Dunrod v. Waste Pro*, 6:22-cv-00224-RBD-DCI (M.D. Fla. Feb. 3, 2022); *Edwards v. Waste Pro*, 3:22-cv-00122-BJD-JBT (M.D. Fla. Feb. 4, 2022); *Edwards v. Waste Pro*, 6:22-cv-00255-PGB-DCI (M.D. Fla. Feb. 7, 2022); *Empringham v. Waste Pro*, 5:22-cv-0063-JSM-PRL (M.D. Fla. Feb. 1, 2022); *Ficil v. Waste Pro*, 6:22-cv-00313-RBD-DCI (M.D. Fla. Feb. 10, 2022); *Fleck v. Waste Pro*, 6:22-cv-00305-RBD-DCI (M.D. Fla. Feb. 10, 2022); *Ford v. Waste Pro*, 0:22-cv-60247-CMA (S.D. Fla. Feb. 3, 2022); *Forness v. Waste Pro*, 3:22-cv-01528-MCR-EMT (N.D. Fla. Feb. 9, 2022); *Foxworth v. Waste Pro*, 5:22-cv-00034-AW-MJF (N.D. Fla. Feb. 7, 2022); *Frater v. Waste Pro*, 0:22-cv-60286-RS (S.D. Fla. Feb. 7, 2022); *Gaskin v. Waste Pro*, 0:22-cv-60229-RAR (S.D. Fla. Feb. 1, 2002); *Gemmola v. Waste Pro*, 3:22-cv-01413-MCR-EMT (N.D. Fla. Feb. 7, 2022); *Gray v. Waste Pro*, 6:22-cv-00234-CEM-DCI (M.D. Fla. Feb. 3, 2022); *Green v. Waste Pro*, 6:22-cv-00276-RBD-DCI (M.D. Fla. Feb. 8, 2022); *Grice v. Waste Pro*, 6:22-cv-00295-WWB-DCI (M.D. Fla. Feb. 9, 2022); *Griffin v. Waste Pro*, 3:22-cv-00138-TJC-JBT (M.D. Fla. Feb. 9, 2022); *Haaf v. Waste Pro*, 3:22-cv-00147-MMH-JBT (M.D. Fla. Feb. 10, 2022); *Hamer v. Waste Pro*, 6:22-cv-00250-RBD-DCI (M.D. Fla. Feb. 4, 2022); *Harris v. Waste Pro*, 2:22-cv-14045-AMC (S.D. Fla. Feb. 1, 2022); *Harris v. Waste Pro*, 2:22-cv-14055-AMC (S.D. Fla. Feb. 9, 2022); *Hawkins v. Waste Pro*, 4:22-cv-00052-RH-MAF (N.D. Fla. Feb. 4, 2022); *Henderson v. Waste Pro*, 5:22-cv-00039-TKW-MJF (N.D. Fla. Feb. 11, 2022); *Hightower v. Waste Pro*, 4:22-cv-00076-MW-MAF (N.D. Fla. Feb. 22, 2022); *Howard v. Waste Pro*, 4:22-cv-00053-MW-MAF (N.D. Fla. Feb. 4, 2022); *Jackson v. Waste Pro*, 6:22-cv-00215-PGB-DCI (M.D. Fla. Feb. 2, 2022); *Jackson v. Waste Pro*, 0:22-cv-60330-RAR (S.D. Fla. Feb. 11, 2022); *Jackson v. Waste Pro*, 0:22-cv-60297-WPD (S.D. Fla. Feb. 8, 20220; *Jernigan v. Waste Pro*, 6:22-cv-00333-RBD-DCI (M.D. Fla. Feb. 11, 2022); *Johnson v. Waste Pro*, 5:22-cv-00036-MW-MJF (N.D. Fla. Feb. 7, 2022); *Johnston-Randall v. Waste Pro*, 3:22-cv-00133-TJC-JBT (M.D. Fla. Feb. 7, 2022); *Jones v. Waste Pro*, 9:22-cv-80241-DMM (S.D. Fla. Feb. 15, 2022); *Julius v. Waste Pro*, 5:22-cv-00037-MW-MJF (N.D. Fla. Feb. 10, 2022); *Kenner v. Waste Pro*, 6:22-cv-00252-RBD-DCI (M.D. Fla. Feb. 7, 2022); *Lahoz v. Waste Pro*, 6:22-cv-00232-CEM-DCI (M.D. Fla. Feb. 3, 2022); *Little v. Waste Pro*, 6:22-cv-00297-PGB-DCI (M.D. Fla. Feb. 9, 2022); *Lopez v. Waste Pro*, 6:22-cv-00269-CEM-DCI (M.D. Fla. Feb. 7, 2022); *Manzo v. Waste Pro*, 6:22-cv-00311-RBD-DCI (M.D. Fla. Feb. 10, 2022); *Martell v. Waste Pro*, 6:22-cv-00343-PGB-DCI (M.D. Fla. Feb. 14, 2022); *Martin v. Waste Pro*, 6:22-cv-00247-PGB-DCI (M.D. Fla. Feb. 4, 2022); *May v. Waste Pro*, 6:22-cv-00231-RBD-DCI (M.D. Fla. Feb. 3, 2022); *McCloud v. Waste Pro*, 6:22-cv-00207-WWB-DCI (M.D. Fla. Feb. 1, 2022); *McDonald v. Waste Pro*, 3:22-cv-00117-HES-JBT (M.D. Fla. Feb. 3, 2022); *Mendez v. Waste Pro*, 6:22-cv-00260-GAP-DCI (M.D. Fla. Feb. 7, 2022); *Mincey v. Waste Pro*, 3:22-cv-00123-MMH-JBT (M.D. Fla. Feb. 4, 2022); *Mitchell v. Waste Pro*, 6:22-cv-00219-PGB-DCI (M.D. Fla. Feb. 2, 2022); *Mobley v. Waste Pro*, 5:22-cv-00066-JSM-PRL (M.D. Fla. Feb. 3, 2022); *Moore v. Waste

ultimately granted in favor of Waste Pro in the Florida *Wright* action on the individual claims of the remaining plaintiff. *See Wright*, No. 0:19-cv-62051 (S.D. Fla. June 5, 2022) (Doc. 321).

The individual actions, including the one filed by Plaintiff, are all boilerplate, save for a few paragraphs. The boilerplate allegations were included regardless of whether they applied to Plaintiff. By way of example, Plaintiff referenced the South

---

*Pro*, 3:22-cv-01438-MCR-HTC (N.D. Fla. Feb. 7, 2022); *Mulligan v. Waste Pro*, 6:22-cv-00266-RBD-DCI (M.D. Fla. Feb. 7, 2022); *Murphy v. Waste Pro*, 6:22-cv-00335-PGB-DCI (M.D. Fla. Feb. 11, 2022); *Nesbitt v. Waste Pro*, 3:22-cv-00148-BJD-LLL (M.D. Fla. Feb. 10, 2022); *Noren v. Waste Pro*, 6:322-cv-00254-RBD-DCI (M.D. Fla. Feb. 7, 20220; *Oglesby v. Waste Pro*, 3:22-cv-00154-MMH-JBT (M.D. Fla. Feb. 11, 2022); *Ortiz v. Waste Pro*, 6:22-cv-00240-GAP-DCI (M.D. Fla. Feb. 4, 2022); *Owens v. Waste Pro*, 3:22-cv-00150-MMH-JBT (M.D. Fla. Feb. 11, 2022); *Pagan v. Waste Pro*, 6:22-cv-00238-WWB-DCI (M.D. Fla. Feb. 3, 2022); *Parker v. Waste Pro*, 3:22-cv-00158-MMH-JBT (M.D. Fla. Feb. 14, 2022); *Peterson v. Waste Pro*, 4:22-cv-00062-RH-MAF (N.D. Fla. Feb. 8, 2022); *Piquion v. Waste Pro*, 5:22-cv-00091-JSM-PRL (M.D. Fla. Feb. 15, 2022); *Pleninger v. Waste Pro*, 2:22-cv-14061-KMM (S.D. Fla. Feb. 11, 2022); *Plummer v. Waste Pro*, 5:22-cv-00028-MW-MJF (N.D. Fla. Feb. 1, 2022); *Preni v. Waste Pro*, 6:22-cv-00299-GAP-GJK (M.D. Fla. Feb. 9, 2022); *Ray v. Waste Pro*, 6:22-cv-00253-WWB-DCI (M.D. Fla. Feb. 7, 2022); *Roberts v. Waste Pro*, 6:22-cv-00507-RBD-DCI (M.D. Fla. March 10, 2022); *Robinson v. Waste Pro*, 8:22-cv-00319-CEH-CPT (M.D. Fla. Feb. 8, 2022); *Robinson v. Waste Pro*, 8:22-cv-00360-TPB-CPT (M.D. Fla. Feb. 11, 2022); *Roker v. Waste Pro*, 9:22-cv-80195-KAM (S.D. Fla. Feb. 7, 2022); *Ruiz v. Waste Pro*, 6:22-cv-00315CEM-DCI (M.D. Fla. Feb. 11, 2022); *Sanchez v. Waste Pro*, 6:22-cv-00228-RBD-DCI (M.D. Fla. Feb. 3, 2022); *Sanchez v. Waste Pro*, 6:22-cv-00243-WWB-DCI (M.D. Fla. Feb. 4, 2022); *Satherswaite v. Waste Pro*, 6:22-cv-00267-RBD-DCI (M.D. Fla. Feb. 7, 2022); *Semmler v. Waste Pro*, 6:22-cv-00230-WWB-DCI (M.D. Fla. Feb. 3, 2022); *Shaw v. Waste Pro*, 4:22-cv-00055-AW-MAF (N.D. Fla. Feb. 7, 2022); *Simpson v. Waste Pro*, 2:22-cv-00094-JES-NPM (M.D. Fla. Feb. 11, 2022); *Smith v. Waste Pro*, 9:22-cv-80182-KAM (S.D. Fla. Feb. 4, 2022); *Sparks v. Waste Pro*, 4:22-cv-00107-MW-MAF (N.D. Fla. March 9, 2022); *Speed v. Waste Pro*, 6:22-cv-00278-CEM-DCI (M.D. Fla. Feb. 8, 2022); *Stanley v. Waste Pro*, 4:22-cv-00058-SW-MAF (N.D. Fla. Feb. 7, 2022); *Taylor v. Waste Pro*, 0:22-cv-60245-RS (S.D. Fla. Feb. 2, 2022); *Thomas v. Waste Pro*, 6:22-cv-00347-GAP-DCI (M.D. Fla. Feb. 14, 2022); *Turner v. Waste Pro*, 6:22-cv-00261-CEM-DCI (M.D. Fla. Feb. 7, 2022); *Villella v. Waste Pro*, 5:22-cv-00035-TKW-MJF (N.D. Fla. Feb. 7, 2022); *West v. Waste Pro*, 0:22-cv-60296-RKA (S.D. Fla. Feb. 8, 2022); *Wiggins v. Waste Pro*, 6:22-cv-00256-WWB-DCI (M.D. Fla. Feb. 7, 2022); *Williams v. Waste Pro*, 6:22-cv-00340-RBD-DCI (M.D. Fla. Feb. 11, 2022); *Williams v. Waste Pro*, 6:22-cv-00239-CEM-DCI (M.D. Fla. Feb. 3, 2022); *Williams v. Waste Pro*, 3:22-cv-00155-TJC-JBT (M.D. Fla. Feb. 11, 2022); *Wright v. Waste Pro*, 6:22-cv-00312-WWB-DCI (M.D. Fla. Feb. 10, 2022); *Wright v. Waste Pro*, 0:22-cv-60307-RS (S.D. Fla. Feb. 9, 2022); *Young v. Waste Pro*, 6:22-cv-00227-CEM-DCI (M.D. Fla. Feb. 3, 2022); *Harris v. Waste Pro*, 6:22-cv-00441-RBD-LHP (M.D. Fla. March. 1, 2022); *Jones v. Waste Pro*, 6:22-cv-00416-CEM-DCI (M.D. Fla. Feb. 24, 2022); *Jones v. Waste Pro*, 6:22-cv-00503-GAP-DCI (M.D. Fla. March 9, 2022); *Roth v. Waste Pro*, 6:22-cv-00505-CEM-DCI (M.D. Fla. March 9, 2022); *Smith v. Waste Pro*, 6:22-cv-00438-WWB-DCI (M.D. Fla. March 1, 2022); *Stallworth v. Waste Pro*, 6:22-cv-00417-CEM-DCI (M.D. Fla. Feb. 24, 2022).

Carolina *Wright* Action despite Plaintiff never joining that lawsuit. [Doc. 1, ¶¶ 2-4.]

Plaintiff's actual claim is that he did not receive overtime on a single annual bonus that he received. [*Id.*, ¶¶ 38-39.] Notably, the plaintiff in *Wright* never received such a bonus. *Wright*, No. 0:19-cv-62051 (S.D. Fla. Jan. 11, 2022) (Doc. 291, pp. 11-12).

Saliently, Plaintiff never made demand on Waste Pro for the *de minimus* amount he claims he was owed.[2] Instead, he opted to pay nearly ten (10) times the wages he claims due for the filing fee. His counsel could have easily sought an individual resolution before or after the filing of the Original Complaint, likely taking less time than it took to prepare the waiver of service for Waste Pro.

Shortly after answering the Original Complaint, Waste Pro made an Offer of Judgment to Plaintiff for $66.00. [Doc. 18-1.] While Waste Pro denied liability to Plaintiff (*id.*, at ¶ 3), early resolution was the obvious choice given that the amount in controversy paled in comparison to the attorneys' fees that Waste Pro expected Plaintiff's counsel would incur. On the final possible day, Plaintiff accepted the Offer of Judgment. [Doc. 18.]

Plaintiff now seeks to recover attorneys' fees and costs estimated at between $12,500.00 to $13,500.00. Plaintiff does not specify how much for attorneys' fees and how much for costs, nor does he file a verified bill of costs. Plaintiff does note that "a

---

[2] While numerous discussions were had between undersigned counsel and counsel for Plaintiff related to global resolution of the Florida *Wright* Action and the *Blandon* Action, counsel for Plaintiff **never** reached out to resolve any individual matter prior to or after dumping scores of lawsuits into the federal court system, many of which were for minimal amounts. It appears Plaintiff's counsel was more concerned with "starting the meter" than obtaining an efficient resolution of any claim.

6

portion of the attorneys' fees and costs sought stem from the previously certified then decertified [Florida] *Wright* action." [Doc. 22, p. 4 at n.1.][3]

Waste Pro asserts that the circumstances of this case warrant a finding that there is no entitlement to either fees or costs. Alternatively, Waste Pro contends that there is no entitlement to any fees or costs from the Florida *Wright* Action.

### III.   MEMORANDUM OF LAW.

This Court follows a bifurcated procedure related to attorneys' fees and costs. Local Rule 7.01. As an initial matter, Plaintiff has the burden of establishing that he is entitled to an award of attorneys' fees and costs. Local Rule 7.01(b); *see generally*, *Jones v. Barlow, et al.*, Case No. 2:19-cv-114-JES-NPM (M.D. Fla. Feb. 25, 2022) (Doc. 225 at p. 2) (discussing the Middle District's procedure for seeking attorneys' fees and costs). In determining issues related to attorneys' fees, this Court has broad discretion. *Nipper v. Lakeland Hotel Investors, Ltd.*, 2010 WL 4941718, *2 (M.D. Fla. Nov. 30, 2020) (*citing Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001)).

### A.   This Court Should Exercise Its Broad Discretion and Find that There is No Entitlement to Attorneys' Fees and Costs in this Action.

The Fair Labor Standards Act does provide for the recovery of attorneys' fees and costs. In that regard, it states that: "[t]he court in such action shall, in addition to

---

[3] Waste Pro believes that the amount Plaintiff seeks from the Florida *Wright* Action is $8,333.33. *See*, *Allen v. Waste Pro of Florida, Inc.*, Case No. 6:22-cv-00337-RBD-DCI (M.D. Fla., May 27, 2022) (Doc. 22, p. 6) ("Plaintiff is claiming $8,333.33 in fees/costs from the *Wright* action in the subsequent individual cases which benefitted from the *Wright* action.") While Waste Pro has been wholly unsuccessful in learning from Plaintiff's counsel how that amount was calculated, perhaps it is as simple as dividing $1,000,000.00 by 120, the approximate number of individual cases. Regardless, this reveals the primary goal of Plaintiff's counsel is to be paid for the failed Florida *Wright* Action from the scores of individual actions.

7

any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (emphasis added).

By virtue of accepting Waste Pro's Offer of Judgment, it is undisputed that Plaintiff prevailed. Notwithstanding, it is not a *fait accompli* that fee and cost entitlement exists. "Although the FLSA requires that attorney's fees be awarded to a prevailing plaintiff, courts acknowledge 'special circumstances' that can render an attorney's fees award unjust, and so-called nuisance settlements present such a circumstance." *Olguin v. Florida's Ultimate Heavy Hauling*, 2019 WL 3426539 (S.D. Fla. June 5, 2019) ($783.00 settlement); *Batista v. South Florida Woman's Health Assoc., Inc.*, 2018 WL 6531605 (S.D. Fla. Nov. 13, 2018) *adopted by Batista v. South Florida Woman's Health Assoc., Inc.*, 2018 WL 6619800 (S.D. Fla. Dec. 13, 2018) ($479.03 settlement); *Nelson v. Kobi Karb Architecture & Interior Design*, 2018 WL 3059980 (S.D. Fla. May 8, 2018) ($259.20 settlement). Said another way, Plaintiff's counsel should not be rewarded for filing a nuisance lawsuit involving minimal damages to advance a "strategy of 'shaking down'" Waste Pro. *Woods v. On Baldwin Pond, LLC*, 2016 WL 4927639, *3 (M.D. Fla. Sept. 16, 2016).

The court in *Woods* focused on the conduct of counsel for the plaintiff and relied upon the Eleventh Circuit's decision to affirm the denial of fees in *Sahyers v. Prugh, Holliday and Karatinos, P.L.*, 560 F.3d 1241 (11th Cir. 2009). *Id.* In *Sahyers*, the Eleventh Circuit made it clear that trial courts have the discretion to deny attorneys' fees despite

statutory entitlement. *Id*. at 1245.

The *Woods* court also relied upon another decision, *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162 (S.D. Fla. 2003). *Woods*, 2016 WL 4927639, *2. The *Goss* court, from the Southern District of Florida, denied fees where the plaintiff recovered only $316.00 for an FLSA claim that could have easily been resolved without a lawsuit. *Goss*, 248 F. Supp. 2d at 1168. In so ruling, the court noted that counsel "seems to have leveraged a small sum as a stepping-stone to a disproportionately large award of attorney's fees." *Id*.

Here, counsel for Plaintiff filed the instant action involving a minimal claim solely to recover a severely disproportionate fee award. There can be no doubt as to counsel's motivation when a fee award of between $12,500.00 and $13,500.00 (Doc. 22, p.4) is sought in a case that resolved so early for $66.00. Although Plaintiff himself concedes that his unpaid overtime wages totaled only $41.67, he makes no argument that his counsel is entitled to a fee award in light of the minimal claim. [*Id*., ¶ 7.]

Prior to and after racing to the courthouse, there was not a single attempt by counsel for Plaintiff to resolve this individual action, which would have saved the parties' and this Court's resources. Counsel for Plaintiff had to know the value of this claim before filing it, given the requirements of reasonable inquiry under Federal Rule of Civil Procedure 11(b). Yet, the decision was made to pursue a full-blown federal lawsuit rather than send an email or place a phone call (even after the Original

9

Complaint was filed) to try to resolve the case.[4]

This action exemplifies the "special circumstances" justifying a finding that there is no entitlement to fees and costs. It is a nuisance action designed, along with many others that were filed, to set the stage for opposing counsel to try to recoup attorneys' fees from the failed Florida *Wright* Action, as well gin up fees for the pursuit of minimal claims. *See generally Malden v. Wings Over Emerald Coast, Inc.*, 2019 WL 1245866, *4-5 (N.D. Fla., Feb. 20, 2019) (discussing the federal district court's concern with the litigation burden of fee-shifting statutes and the "flood of insignificant claims being litigated in the hopes of large attorneys' fees").

This nuisance lawsuit was solely motivated by a desire to "shake down" Waste Pro for attorneys' fees and costs. The amount at issue is a small fraction of even the filing fee. Plaintiff's counsel, rather than attempt to efficiently resolve this low value claim, even after the lawsuit was filed, spent thousands of dollars pursuing $66.00 (even without considering the fees from the Florida *Wright* Action). Plaintiff's counsel should not be rewarded for this dubious tactic. Instead, this Court should find that there is no entitlement to fees or costs in this action.[5]

---

[4] Before Waste Pro took the initiative of making Offers of Judgments to try to expeditiously resolve as many claims as possible before the attorneys' fees for the individual plaintiffs skyrocketed, opposing counsel only broached the topic of settlement in a global sense, never once indicating that individuals could be resolved for the small amounts claimed due.

[5] Plaintiff neither filed a verified bill of costs with the Clerk, nor specified the amount of costs he was seeking as compared to fees. [Doc. 22, p. 4.] These deficiencies call in to question whether Plaintiff has even satisfactorily complied with Federal Rule of Civil Procedure 54 and Local Rule 7.01(b). *See Jones v. Barlow, et al.*, Case No. 2:19-cv-114-JES-NPM (Doc. 225 at pp. 2-3).

### B. Alternatively, Plaintiff Does Not Meet His Burden of Establishing Entitlement to Fees from Any Lawsuit Other than the Present Action.

Even if this Court determines that Plaintiff is entitled to some fee or cost award in this case, Waste Pro asserts that Plaintiff has not met his burden of showing entitlement to any such recovery from the Florida *Wright* Action. Plaintiff devotes his entire Memorandum of Law to argue his entitlement to attorneys' fees for prosecuting the instant action. [Doc. 22, pp. 4-6.] Despite the dubious motivation of Plaintiff's counsel in pursuing this nuisance lawsuit, this Court may decide that 29 U.S.C. § 216(b) provides for the payment of fees and costs for the instant action. Even with that decision, Plaintiff still has not established he is entitled to attorneys' fees and costs from the Florida *Wright* Action.

Plaintiff relies upon *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 576 (6th Cir. 2009), for the proposition that "the FLSA did not bar district court from awarding attorney fees to opt-in plaintiffs based on work done on decertified class action." [Doc. 22, p. 4, n.1.] Waste Pro agrees that the Sixth Circuit did not bar an award of attorneys' fees after decertification, but the Sixth Circuit did not mandate it either.

In *O'Brien*, a collective action proceeded through discovery before being decertified, resulting in eight of ten plaintiffs being dismissed. *O'Brien*, 575 F.3d at 573. After decertification, six of the dismissed collective members filed a new action (i.e., *Dellarussiani*). *Id*. When it came to the issue of attorneys' fees, the district court only awarded attorneys' fees for work done on the second case, but not the original case

11

that had been decertified. *Id*. at 574. In reversing, the Sixth Circuit disagreed with what it called a "wooden reading" of 29 U.S.C. § 216(b). *Id*. at 576. Germane to the decision, the Sixth Circuit was faced with the "reality . . . that discovery concerning the *Dellarussiani* plaintiffs' claims took place in *O'Brien*." *Id*.

Importantly, the Sixth Circuit focused on the benefit to the *Dellarussiani* plaintiffs in instructing that "[e]xpenses that plaintiffs' counsel incurred while trying to obtain collective-action certification in *O'Brien* should not be attributed to prosecution of the *Dellarussiani* plaintiffs' particular claims, **unless these expenses benefitted the Dellarussiani plaintiffs' individual claims**." *Id*. (emphasis added). Further "**absent a specific showing of benefit** to the *Dellarussiani* plaintiffs, fees cannot be recovered for expenses incurred for the claims of *O'Brien* plaintiffs who did not file suit in *Dellarussiani*, nor for the claims of the lead plaintiffs in *O'Brien* who remained after the collective action was decertified." *Id*. at 577 (emphasis added); *Smith v. Service Master Corp*., 592 Fed. Appx. 363, 370-71 (6th Cir. 2014) (noting the caveat of showing a benefit to an individual plaintiff from an unsuccessful collective action).

Plaintiff, as the moving party, has made no showing, let alone a specific showing, that any work by his counsel in the Florida *Wright* Action benefited his individual claim. Instead, Plaintiff simply concludes that he is entitled to fees from the Florida *Wright* Action because he opted into a decertified action and later filed an individual action. Because Plaintiff has not made a specific showing that his individual claim benefitted from the Florida *Wright* Action, the aspect the Fee Entitlement

Motion that claims entitlement to fees and costs from the Florida *Wright* Action should be denied.

## IV.  CONCLUSION.

This case is the first example of many to come of counsel for Plaintiff pursuing nuisance actions in the hopes of generating large fee awards. Given the "special circumstances" of this case, this Court should exercise its broad discretion and deny the Fee Entitlement Motion in its entirety. Alternatively, this Court should deny the portion of the Fee Entitlement Motion that seeks fees from the Florida *Wright* Action given that Plaintiff made no specific showing that his individual claim benefited from the Florida *Wright* Action.

WHEREFORE, Defendant, WASTE PRO OF FLORIDA, INC., respectfully requests that this Court enter an Order denying the Fee Entitlement Motion or, alternatively, finding that Plaintiff is not entitled to any fees or costs stemming from the Florida *Wright* Action, and awarding any further relief deemed just and proper.

> STOVASH, CASE & TINGLEY, P. A.
> By: */s/ Amy S. Tingley*
> Amy S. Tingley, Esquire
> Florida Bar No. 0068871
> atingley@sctlaw.com
> Matthew J. Pearce, Esquire
> Florida Bar No. 0108368
> mpearce@sctlaw.com
> The VUE at Lake Eola
> 220 N. Rosalind Avenue
> Orlando, Florida 32801
> Telephone: (407) 316-0393
> Facsimilie: (407) 316-8969
> *Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of June, 2022, I caused a true and correct copy of the foregoing to be served by CM/ECF on all parties listed to receive electronic service for this case.

<u>/s/ Amy S. Tingley</u><br>
Amy S. Tingley, Esquire