UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ALEX RIVERA,**

    **Plaintiff,**

v.                                  **Case No.: 8:22-cv-00363-KKM-AAS**

**WASTE PRO OF FLORIDA, INC.,**

    **Defendant.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff Alex Rivera moves for entitlement to an award of attorney's fees and costs against Defendant Waste Pro of Florida, Inc. (Waste Pro). (Doc. 22). Waste Pro oppose the motion. (Doc. 53). Mr. Rivera replied in response to Waste Pro's opposition. (Doc. 26). It is **RECOMMENDED** that Mr. Rivera's motion for entitlement to attorney's fees and costs (Doc. 48) be **GRANTED**.

**I.  BACKGROUND**

Anthony Wright, along with two other drivers, originally filed class action complaint in the District of South Carolina against Waste Pro and two other Waste Pro entities under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 et seq. *See Anthony Wright, Daniel Hansen, and Kenneth Privette v. Waste Pro USA, Inc., Waste Pro of Florida, Inc., Waste Pro of South Carolina, Inc., and Waste Pro of North Carolina, Inc.*, Case No. 2:17-cv-2654-DCN (D.S.C.)

1

(the South Carolina Litigation). The District of South Carolina dismissed the action for lack of personal jurisdiction.

Mr. Wright and the opt-in plaintiffs who originally joined the South Carolina Litigation filed a subsequent action in the Southern District of Florida. *See Anthony Wright v. Waste Pro USA, Inc., and Waste Pro of Florida, Inc.*, Case No. 0:19-cv-62051-KMM (S.D. Fla.) (the *Wright* Litigation). The court granted conditional certification and permitted notice to potential class members and Mr. Rivera filed a consent to join. The court later decertified the collective class and dismissed the claims without prejudice.

Mr. Rivera then filed this action, estimating his total unpaid overtime wages to be approximately $41.67. Waste Pro served Mr. Rivera with an offer of judgment for $66.00 to resolve his claims for unpaid wages and liquidated damages. (*See* Doc. 22, Ex. A). Mr. Rivera accepted the offer of judgment and the court entered judgment against Waste Pro. (Docs. 18, 21).

Mr. Rivera now requests entitlement to an award of his attorney's fees and costs as the prevailing party under 29 U.S.C. § 216(b).[1] (Doc. 22). Waste Pro opposes Mr. Rivera's motion. (Docs. 23). However, in the alternative to the court denying Mr. Rivera's request, Waste Pro requests that any award of

---

[1] Mr. Rivera estimates he will request approximately $12,500 - $13,500 in attorney's fees and costs. (Doc. 22, p. 4).

2

attorney's fees and costs be limited to the instant litigation, and not include the *Wright* Litigation. (*Id.* at pp. 11-13). Mr. Rivera replied in response and argued attorney's fees and expenses incurred in the *Wright* Litigation are recoverable here, with the amount determined at the recovery stage of the attorney's fees process. (Doc. 26).

## II.   ANAYLSIS

Under 29 U.S.C. §216(b), an award of attorney's fees and costs is mandatory to the prevailing plaintiff in any proceeding to enforce the overtime and minimum wage provisions of the FLSA. *See Weisel v. Singapore Joint Venture, Inc.*, 602 F 2d 1185 (5th Cir. 1979). To have prevailed, a party must have obtained either a judgment on the merits or reached a settlement agreement that was enforced through a consent decree. *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Department of Health and Hum. Resources*, 532 U.S. 598, 607 (2001). This includes settlement in the form of an offer of judgment. *See Allen v. City of Grovetown*, 681 F. App'x 841, 845 (11th Cir. 2017) (affirming the district court's award of attorney's fees even if the defendants' offer of judgment did not include fees); *Sanchez v. M&F, LLC*, No. 6:17-cv-1752-Orl-22LRH, 2019 WL 12262645, at *5 (M.D. Fla. Nov. 13, 2019) (finding that the plaintiff entitled to an award of its reasonable attorney's fees and costs under the FLSA following an accepted offer of judgment); *Patel v. Shah*, No.

3

5:15-cv-01959-MHH, 2018 WL 741370, at *3-4 (N.D. Ala. Feb. 7, 2018) (concluding that the plaintiff was entitled to an award of reasonable attorney fees under the FLSA).

Waste Pro and Mr. Rivera both rely on *O'Brien v. Ed Donnelly Enter., Inc.*, 575 F.3d 567 (6th Cir. 2009), as to whether Mr. Rivera is entitled to attorney's fees for work expended in another case. In *O'Brien*, counsel for the plaintiffs requested recovery of attorney's fees for work completed in a related case. Like this action, the decision addressed two FLSA cases—*O'Brien* and *Dellarussiani v. Ed Donnelly Enters., Inc.*, No. 2:07–CV–00253, 2007 WL 3025340 (S.D. Ohio Oct.15, 2007). The plaintiffs were originally members of an opt-in FLSA class in *O'Brien*. After certifying the class and allowing discovery, the district court decertified the opt-in class and dismissed the plaintiffs' claims. The plaintiffs then filed separate complaints in *Dellarussiani*, which were ultimately resolved through an offer of judgment. The plaintiffs moved for attorney's fees, which included fees for work expended in *O'Brien*. The district court declined to award fees for hours expended in a case other than *Dellarussiani*, reasoning that, because the plaintiffs had not prevailed in *O'Brien*, they were not entitled to fees for work expended in that case.

On appeal, the Sixth Circuit rejected "[s]uch a wooden reading" of the fee-shifting statute. *O'Brien*, 575 F.3d at 576. Rather, the pertinent analysis

4

was whether the work expended in *O'Brien* benefitted the claims of the plaintiffs in *Dellarussiani*, the case they had prevailed:

> The reality is that discovery concerning the *Dellarussiani* plaintiffs' claims took place in O'Brien. Expenses that plaintiffs' counsel incurred while trying to obtain collective-action certification in O'Brien should not be attributed to the prosecution of the *Dellarussiani* plaintiffs' particular claims unless these expenses benefitted the *Dellarussiani* plaintiffs' individual claims. For instance, fees for depositions in *O'Brien* that uncovered the facts surrounding the *Dellarussiani* plaintiffs' claims, even if the depositions were conducted as part of the *O'Brien* plaintiffs' effort to obtain collective-action certification, should not be rejected on the basis of [the fee-shifting statute] of the FLSA.

*Id.*

It is premature to determine whether the work performed in the *Wright* Litigation benefited Mr. Rivera in this action. This report offers no opinion as to whether the *Wright* Litigation attorney's fees and costs are recoverable. Rather, this report concludes portions *may* be recoverable. The court will address that issue at the second stage of the attorney's fees process.

## III. CONCLUSION

Because Mr. Rivera is entitled to an award of attorney's fees and costs as the prevailing party, it is **RECOMMENDED** that Mr. Rivera's motion for entitlement to attorney's fees and costs (Doc. 48) be **GRANTED**.[2]

---

[2] "Within forty-five days after the order determining entitlement, the party claiming fees and expenses must file a supplemental motion" on the amount of fees the moving party requests. Local Rule 7.01(c), M.D. Fla.

**ENTERED** in Tampa, Florida on June 21, 2022.

*/s/ Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

**<u>NOTICE TO PARTIES</u>**

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely under 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.