UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ALEX RIVERA,**

    **Plaintiff,**

v.                                                                  Case No.: 8:22-cv-00363-KKM-AAS

**WASTE PRO OF FLORIDA, INC.,**

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Alex Rivera moves for a determination on the amount of the award of attorney's fees against Defendant Waste Pro of Florida, Inc. (Waste Pro).[1] (Doc. 31). Waste Pro opposes the motion the amount requested. (Doc. 33). It is **RECOMMENDED** that Mr. Rivera's motion be **GRANTED in part and DENIED in part**.

**I.      BACKGROUND**

Anthony Wright originally filed class action complaint in the District of South Carolina against Waste Pro and two other Waste Pro entities under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. *See Anthony Wright, Daniel Hansen, and Kenneth Privette v. Waste Pro USA, Inc., Waste Pro of*

---

[1] The Clerk of Court taxed costs against Waste Pro in the amount of $402.00. (Doc. 36).

1

*Florida, Inc., Waste Pro of South Carolina, Inc., and Waste Pro of North Carolina, Inc.*, Case No. 2:17-cv-2654-DCN (D.S.C.) (the South Carolina Litigation). The District of South Carolina dismissed the action for lack of jurisdiction.

Mr. Wright and the opt-in plaintiffs who joined the South Carolina Litigation filed a subsequent action in the Southern District of Florida. *See Anthony Wright v. Waste Pro USA, Inc., and Waste Pro of Florida, Inc.*, Case No. 0:19-cv-62051-KMM (the *Wright* Litigation). The court granted conditional class certification and permitted notice to potential class members. Mr. Rivera filed a consent to join. The court later decertified the collective class and dismissed the claims without prejudice.

Mr. Rivera then filed this action, estimating his total unpaid overtime wages to be $41.67. Waste Pro served Mr. Rivera with an offer of judgment for $66.00 to resolve his claims for unpaid wages and liquidated damages. (*See* Doc. 22-1). Mr. Rivera accepted the offer of judgment and the court entered judgment against Waste Pro. (Docs. 18, 21).

The court granted Mr. Rivera's motion for entitlement to an award of attorney's fees and costs as the prevailing party under 29 U.S.C. § 216(b). (Doc. 28). Mr. Rivera now requests an award of attorney's fees incurred in this case ($8,465.00) and the "proportionate share" of the attorneys' fees in the *Wright*

litigation ($8,000.00), for a total amount of $16,465.00 in fees. (*Id.*). Waste Pro opposes Mr. Rivera's motion and argues the reasonable attorney's fees incurred in this action are $3,264.00, with no attorney's fee award for the *Wright* Litigation.[2] (Doc. 33).

## II. LEGAL STANDARD

The FLSA allows reasonable attorneys' fees and costs to a prevailing plaintiff. *See* 29 U.S.C. § 216(b). A reasonable attorneys' fee award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). This number, often called the "lodestar," carries a strong presumption of reasonableness, but may be adjusted by the court. *Id.* at 427; *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). The fee applicant must demonstrate reasonableness, which includes "supplying the court with specific and detailed evidence." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). In addition, a court may use its own experience in assessing the reasonableness of attorneys' fees. *Id.*

---

[2] Waste Pro also filed supplemental authority. (Doc. 37).

## III. ANALYSIS

Mr. Rivera requests an attorney's fee award of $16,465.00, which includes $8,465.00 for fees incurred in this action and $8,000 for fees incurred in the *Wright* Litigation. The undersigned will address each separately.

### A. Attorney's Fees in this Action

#### 1. Reasonable Hourly Rates

Mr. Rivera requests $8,465.00, representing 17.20 hours billed by four attorneys at Morgan & Morgan, P.A.. Mr. Rivera requests these billing rates: (1) Attorney Ryan Morgan at $650 per hour; (2) Attorney Paul Botros at $650 per hour; (3) Attorney Jolie Pavlos at $425 per hour; and (4) Attorney Pausha Taghdiri at $400 per hour. (*See* Doc. 31-2, pp. 1–16).

Attorneys Morgan and Botros are senior attorneys at Morgan & Morgan. (*Id.* at pp. 1–10). Attorneys Morgan and Botros have substantial experience litigating FLSA cases and collective actions. (*Id.*). Attorney Taghdiri worked for Morgan & Morgan for approximately fifteen months and has been an attorney for five years. (*Id.* at p. 10). Before joining Morgan & Morgan, Attorney Taghdiri worked as a prosecutor in Orange County, Florida. (*Id.*). Attorney Pavlos has been an attorney for six years. (*Id.* at p. 11).

The undersigned finds a rate of $400 per hour to be reasonable for Attorneys Morgan and Botros. *See Harris v. Waste Pro of Fla., Inc.*, No. 22-

14055-CV, 2022 WL 16821783, at *2 (S.D. Fla. Oct. 19, 2022), *report and recommendation adopted,* No. 22-14055-CIV, 2022 WL 16792460 (S.D. Fla. Nov. 8, 2022) (approving hourly rates of $400 for Attorneys Morgan and Botros in a related case); *Ranieri v. Premier Fire Alarms & Integration Sys., Inc.*, No. 19-CV-60229, 2022 WL 3044769, at *3 (S.D. Fla. July 15, 2022), *report and recommendation adopted,* No. 0:19-CV-60229, 2022 WL 3042249 (S.D. Fla. Aug. 2, 2022) (reducing the requested rate of $600 per hour to $400 per hour in a FLSA case and collecting cases). In addition, the undersigned finds a rate of $275 per hour for Attorneys Pavlos and Taghdiri is reasonable. *See Harris*, No. 22-14055-CV, 2022 WL 16821783, at *2 (approving an hourly rate of $275 for Attorney Taghdiri in a related case).

Thus, the undersigned recommends the court adopt a billing rate of $400 per hour for Attorneys Morgan and Botros and $275 per hour for Attorneys Pavlos and Taghdiri.

### 2.  Reasonable Hours Spent

Mr. Rivera's counsel billed 17.20 hours in this case from February 2022 to September 2022. (Doc. 31-2, pp. 15–16). The undersigned finds these are hours reasonable and not excessive. The undersigned considered, but finds unpersuasive, Waste Pro's arguments about excessive, redundant, or otherwise unnecessary billing in the time records. Courts reviewing fee

5

applications "need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). "The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Id.*

### 3. Reasonable Lodestar

Having determined the reasonable rates for each attorney and the reasonable amount of time incurred, the undersigned calculates the lodestar as:

- Attorney Morgan, $400 per hour for 3.5 hours ($1,400.00)
- Attorney Botros, $400 per hour for 5.1 hours ($2,040.00)
- Jolie Pavlos, $275 per hour for 0.3 hours ($82.50)
- Pausha Taghdiri, $275 per hour for 8.3 hours ($2,282.50)

This is a total attorney's fee lodestar of $5,805.00. The undersigned considered the applicable *Johnson* factors and finds this lodestar to be reasonable.[3]

---

[3] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 719 (5th Cir. 1974).

The lodestar is presumed reasonable, but "can be adjusted upward or downward based on other considerations, including the results obtained by the attorneys for their client." *Walker v. Iron Sushi LLC*, 752 F. App'x 910, 913 (11th Cir. 2018). Here, Waste Pro argues the lodestar should be reduced by 15% percent because of counsel's overall "lack of success." (Doc. 33, p. 12). The undersigned disagrees.[4] *See Hensley v. Eckerhart*, 461 U.S. 424, 435 n.11 (1983) (It "is [not] necessarily significant that a prevailing plaintiff did not receive all the relief requested."). The undersigned finds the lodestar is reasonable and recommends Mr. Rivera be awarded $5,805.00 in attorney's fees.

B.   **Attorney's Fees in the *Wright* Litigation**

Federal Rule of Civil Procedure 54(d) and Local Rule 7.01, M.D. Fla. govern the procedure for moving for an award of attorney's fees in this district. Mr. Rivera has not made a specific showing as to how the attorney's fees incurred in the *Wright* Litigation benefited this separately filed action. In

---

[4] On the other hand, Mr. Rivera argues the *Johnson* factors weigh in favor of an enhancement to the lodestar. The Eleventh Circuit and the Supreme Court have cautioned that "'most, if not all,' of the factors used to determine a reasonable fee are already subsumed in the lodestar, and it is not permissible to enhance a fee based on a factor that is subsumed." *In re Home Depot Inc.*, 931 F.3d 1065, 1083 (11th Cir. 2019) (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010)). Thus, "the *Johnson* factors are relevant only in the rare cases where they are not fully captured in the lodestar." *Id.* at 1091. This is not one of those cases.

*O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567 (6th Cir. 2009), abrogated on other grounds, *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 162 (2016), the Sixth Circuit held a district court may award attorney's fees incurred in a previously filed, decertified collective action, if the plaintiff can demonstrate "a specific showing of benefit" to a later-filed, individual case. *Id.* at 577; *see also Harris, No. 22-14055-CV, 2022 WL 16821783, at *4* (applying *O'Brien* and funding no specific showing of benefit in the previously filed *Wright* Litigation).

Mr. Rivera failed to make a specific showing of benefit to this later-filed individual case, so his claim for attorney's fees incurred in furtherance of the previously dismissed *Wright* Litigation fails. This reasoning follows other Florida district court decisions considering this issue in similar Waste Pro cases. *See Shaw v. Waste Pro of Florida, Inc.*, No. 4:22-cv-55-AW-MAF (N.D. Fla Nov. 18, 2022); *Hightower v. Waste Pro of Fla., Inc.*, No. 4:22-cv-76-MW-MAF (N.D. Fla. Sept. 23, 2022); *Henderson v. Waste Pro of Fla., Inc.*, No. 5:22-cv-39-TKW-MJF (N.D. Fla. Sept. 26, 2022); *Jackson v. Waste Pro of Fla., Inc.*, No. 0:22-cv-60330-RAR, (S.D. Fla. Sept. 13, 2022), *Bell v. Waste Pro of Fla., Inc.*, No. 5:22-cv-38-TKW-MJF (N.D. Fla. Oct. 4, 2022); *Campbell v. Waste Pro of Fla.*, Inc., No. 5:22-cv-32-TKW-MJF (N.D. Fla. Oct. 4, 2022).

## IV. CONCLUSION

For the reasons stated above, the undersigned respectfully **RECOMMENDS** that the Motion (Doc. 31) be **GRANTED in part** and **DENIED in part** and the court award Mr. River attorney's fees in the amount of **$5,805.00**.

**ENTERED** in Tampa, Florida on December 9, 2022.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

### NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely under 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.