UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEX RIVERA,

     Plaintiff,

v.                            Case No: 8:22-cv-363-KKM-AAS

WASTE PRO OF FLORIDA, INC.,

     Defendant.
_____

## ORDER

Alex Rivera's Fair Labor Standards (FLSA) claim originally arose from a decertified class action in the Southern District of Florida (the *Wright* Litigation). (*See* Doc. 38 at 2.) When the court in that case decertified the class and dismissed the claims without prejudice, Rivera re-filed this action in the Middle District of Florida. (Doc. 1.) Rivera then accepted an offer from Waste Pro to resolve his claims, and the Court entered judgment against Waste Pro in May 2022. (Doc. 18, 21, 22-1.)

The Court adopted the Magistrate Judge's report and recommendation granting Rivera's motion for entitlement to attorney's fees and costs and directed Rivera to file supplemental briefing as to the amount of fees and costs. (Doc. 28.) In his supplemental

motion, Rivera requests a total of $16,465 ($8,4465 for attorney's fees in this case and $8,000 for attorney's fees in the *Wright* Litigation). (Doc. 31 at 25.)

The Magistrate Judge recommends awarding Rivera $5,805 in attorney's fees based on the hours Rivera submitted for this action and on rates of $400 per hour for attorneys Morgan and Botros and $275 per hour for attorneys Pavlos and Taghdiri. (Doc. 38 at 4–5.) Rivera objects to the Magistrate Judge's report. He argues that the fees should be based on rates of $650 per hour for attorneys Morgan and Botros, $425 per hour for attorney Pavlos, and $400 per hour for attorney Taghdiri. He also objects to the report's exclusion of fees based on the *Wright* Litigation. (Doc. 39 at 2, 3.)

After a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). If a party files a timely and specific objection to a finding of fact by the magistrate judge, the district court must conduct a de novo review of that factual issue. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). The district court reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F.Supp.3d 1244, 1246 (M.D. Fla. 2019) (Steele, J.). For the reasons stated in the Magistrate Judge's report and further explained below, the Court overrules Rivera's

objection, adopts the report and recommendation (Doc. 38), and grants Rivera $5,805 in attorney's fees.

Rivera objects to the Magistrate Judge's calculation of a reasonable rate of compensation for each attorney, pointing to the declaration attached to his original motion and two recent district court decisions awarding higher rates. (Doc. 39 at 4.) Specifically, Rivera points to *Hightower v. Waste Pro of Florida, Inc.*, No. 4:22-cv-76 (N.D. Fla. Sept. 23, 2022) (Walker, C.J.), in which that court awarded similar rates to those Rivera requests in a case deriving from the *Wright* Litigation. *Id.* (awarding attorney Morgan $600 per hour, attorney Pavlos $325 per hour, and attorney Taghdiri $300 per hour). Rivera contends that he is entitled to even more fees in this case because that case "was venued in Tallahassee, Florida, which has lower market rates than the Tampa, Florida legal market." (Doc. 39 at 4.)

As the Magistrate Judge explained, Rivera has the burden of proving that his proposed rate is reasonable, and he has not done so. In fact, the practice in the Middle District of Florida is to award attorney's fees for FLSA cases at rates significantly lower than those Rivera requests. *See, e.g.*, *Hamann v. Little Italy's Meatballs, LLC*, No. 8:20-cv-2589, 2021 WL 1931257, at *5 (M.D. Fla. Mar. 31, 2021) (Porcelli, M.J.), *report and recommendation adopted*, No. 8:20-cv-2589, 2021 WL 1541086 (M.D. Fla. Apr. 20, 2021) (Covington, J.) (reducing requested rate from $500 per hour to $400 per hour

because the requested rate "exceed[ed] the rates typically awarded in FLSA cases in the Middle District of Florida"). Therefore, the Court agrees with the Magistrate Judge that rates of $400 per hour for attorneys Morgan and Botros and $275 per hour for attorneys Pavlos and Taghdiri are reasonable.

Rivera also objects that he should receive fees from the *Wright* Litigation, arguing that "[w]ithout *Wright* occurring, Plaintiff here would not have the resolution he has received in this matter." (Doc. 39 at 2.) Rivera argues that he "did benefit from *Wright* and should be awarded a proportionate share of attorneys' fees from *Wright*." (*Id.*) But as the Magistrate Judge explained, Rivera must show "how the attorneys' fees incurred in the *Wright* Litigation benefitted this separately filed action." (Doc. 38 at 7.) Rivera has failed to show a specific benefit to his case from the *Wright* Litigation. As the Magistrate Judge noted, this finding follows no less than six district court decisions related to the *Wright* Litigation that also found no showing of benefit to the later-filed lawsuit. (Doc. 38 at 8.) Notably, one such decision is the same one that Rivera cites as "well-reasoned," for awarding attorneys a higher hourly rate. *See Hightower*, No. 4:22-cv-76, Doc. 39 at 3 (declining to award fees for the *Wright* litigation because plaintiff "failed to make the requisite showing of a specific benefit to his case"). Thus, the Court agrees with the Magistrate Judge's finding that Rivera is not entitled to attorney's fees from the *Wright* Litigation.

Accordingly, the following is **ORDERED:**

1.      Plaintiff's Objection (Doc. 39) is **OVERRULED**.

2.      The Magistrate Judge's Report and Recommendation (Doc. 38) is **ADOPTED** in full.

3.      Plaintiff's supplemental motion for attorney's fees and costs (Doc. 31) is **GRANTED** in part and **DENIED** in part.

4.      The Court awards Rivera attorney's fees in the amount of $5,805.

**ORDERED** in Tampa, Florida, on January 3, 2023.

Kathryn Kimball Mizelle
United States District Judge